UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILTON BAYTOPS,

        Plaintiff,

v.

                                       CASE NO. 2:20-CV-12786
                                       UNITED STATES DISTRICT COURT
                                       JUDGE   GERSHWIN   A.   DRAIN

ELIE MORRISON, et al.,

        Defendants.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I. INTRODUCTION**

Plaintiff Milton Baytops ("Plaintiff"), presently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. In his complaint, Plaintiff alleges that he was subject to fake news, libel, slander, and defamation in reports about his state criminal charges and proceedings in Alpena County, Michigan, which ultimately led to his confinement in prison. Plaintiff was convicted of two drug offenses and a related conspiracy offense in the Alpena County Circuit Court and was sentenced, as a fourth habitual offender, to concurrent terms of 5 to 20 years imprisonment in 2019.

*See* Plaintiff's Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=637359.

Plaintiff names Alpena area media personnel Elie Morrison, Julie Riddle, and Brian Thompson, the Alpena County local news and its sponsors, and former Alpena County prosecutor Ed Black as the defendants in this action and seeks $12 million in monetary damages and any other appropriate relief. On October 21, 2020, the Court granted Plaintiff leave to proceed without prepayment of the filing fee for this action. ECF No. 4. For the reasons set forth herein, the Court will **DISMISS** Plaintiff's complaint for failure to state a claim upon which relief may be granted under § 1983 and on the basis of immunity.

## II. LEGAL STANDARD

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). A complaint's factual allegations must be "enough to raise a right to relief above the

speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *see also Daniels v. Williams*, 474 U.S. 327, 333–36 (1986).

### III. ANALYSIS

The Court finds that Plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted and on the basis of immunity. First, Plaintiff's claims against defendants Morrison, Riddle, Thompson, the Alpena County local news, and its sponsors must be dismissed because they are private individuals and entities, not state actors subject to suit under 42 U.S.C. § 1983. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (stating that "the under-color-of-state-law element of § 1983 excludes from its reach merely private

conduct, no matter how discriminatory or wrongful"); *Rudd v. City of North Shores, Mich.*, _ F.3d _, 2020 WL 5905062, *5 (6th Cir. Oct. 6, 2020) (citing *American*); *Tahfs v. Proctor*, 316 F.3d 584, 591 (6th Cir. 2003) (holding that a plaintiff may not generally proceed under § 1983 against a private party).

To state a claim against a defendant under § 1983, a plaintiff must demonstrate that the conduct which caused his or her alleged injury is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Conduct which deprives a party of a federally protected right can be said to be fairly attributable to the state when: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) the party charged with the deprivation may be fairly described as a state actor. *Id.*; *see also Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995) (describing the three tests used to evaluate whether a private party can fairly be said to be a state actor: the public function test, the state compulsion test, and the nexus test).

Here, Plaintiff attempts to meet this requirement by alleging that the private parties conspired with the only state actor named as a defendant in this case, the former Alpena County prosecutor Ed Black. Private parties who conspire with public actors to violate constitutional rights are considered to act "under color" of state law

for purposes of § 1983.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *see also Dennis v. Sparks*, 449 U.S. 24, 28 (1980); *Revis v. Meldrum*, 489 F.3d 273, 292 (6th Cir. 2007).  To state a conspiracy claim under § 1983, a plaintiff must show: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights.  *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985); *see also Memphis, TN Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004).  A plaintiff must plead the conspiracy with some specificity.  *See Marvaso v. Sanchez*, 971 F.3d 599, 606 (6th Cir. 2020) (citing *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 563 (6th Cir. 2011)); *Pahssen v. Merrill Comm. Sch. Dist.*, 668 F.3d 356, 368 (6th Cir. 2012).

The Court finds that Plaintiff's conspiracy allegations in his complaint are speculative, vague, and conclusory.  Conclusory allegations are insufficient to state a civil rights claim under § 1983, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007); *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390–91 (6th Cir. 2009), including a conspiracy claim, *see Horton v. Martin*, 137 F. App'x 773 (6th Cir. 2005); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).  Plaintiff fails to allege any plausible facts of a conspiracy among the defendants, or with defendant

Black in particular, to demonstrate state action by the private individuals named in his complaint. Plaintiff's claims against defendants Morrison, Riddle, Thompson, the Alpena County local news, and its sponsors must therefore be dismissed.

Second, Plaintiff's claims against defendant Black, as well as the other defendants, for libel, slander, and defamation are subject to dismissal because they are state law claims and do not involve the violation of any rights secured by the federal Constitution or the laws of the United States. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."); *Paul v. Davis*, 424 U.S. 693, 710 (1976) (defamation claim not cognizable under § 1983); *Azar v. Conley*, 456 F.2d 1382, 1389 (6th Cir. 1972) ("Civil Rights Act does not give rise to a cause of action for slander"); *Collier v. Austin Peay State Univ.*, 616 F. Supp. 2d 760, 775 (M.D. Tenn. 2009) (claims for libel and slander are not cognizable under § 1983); *see also Harper v. (Unknown) Arkesteyn*, No. 19-1928, 2020 WL 4877518, *2 (6th Cir. April 28, 2020) ("§ 1983 does not provide redress solely for state law violations such as defamation"). Plaintiff's allegations of libel, slander, and defamation, while perhaps actionable under Michigan law, do not state claims upon which relief may be granted under § 1983.[1]

---

[1] Plaintiff also alleges that he was subject to cruel and inhumane treatment before trial in violation of his Eighth and Fourteenth Amendment rights. Other than referencing the alleged libel, slander, and defamation, however, Plaintiff does not expound on this

A federal court has discretion to entertain pendent jurisdiction over state law claims filed with and arising out of the same facts as a § 1983 action. *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004 (6th Cir. 1987). The exercise of pendent jurisdiction over state law claims, however, is generally inappropriate when all federal claims have been dismissed. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726–27 (1966); *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2012). Given that Plaintiff fails to state a federal claim in his pleadings, the Court declines to exercise jurisdiction over his state law claims.

Lastly, the Court notes that to the extent that Plaintiff challenges defendant Black's actions in the prosecution of his criminal case, such claims are subject to dismissal on the basis of immunity. It is well-settled that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342–43 (2009). This immunity covers a prosecutor's actions in preparing and filing charging documents, including requests for warrants, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997), the decision to file a criminal complaint, and the

---

claim, nor does he allege facts showing that defendant Black, or any of the other named defendants, were responsible for his treatment in jail. As discussed *supra*, conclusory allegations are insufficient to state a civil rights claim.

presentation of the state's case. *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997).

This immunity even applies when a prosecutor acts wrongfully or maliciously. *See*

*Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (finding that a prosecutor

is absolutely immune from suit for allegedly conspiring to present false charges to

grand jury). Defendant Black is thus entitled to absolute immunity on any personal

claims for damages arising from his advocacy in Plaintiff's state criminal

proceedings.[2]

In sum, the Court concludes that Plaintiff's complaint must be dismissed for

failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and

on the basis of immunity. Accordingly, Plaintiff's complaint must be dismissed.

As a final matter, the Court concludes that an appeal from this decision cannot

be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369

U.S. 438, 445 (1962).

### IV. CONCLUSION

---

[2] Plaintiff is also not entitled to relief on any claim challenging the validity of his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his or her imprisonment if a ruling on the claim would necessarily render his or her continuing confinement invalid, until and unless the reason for that confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance of a writ of habeas corpus); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

For the reasons articulated above, **IT IS ORDERED** that Plaintiff's

complaint is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff is **DENIED** leave to appeal *in*

*forma pauperis*.  This case is closed.

**IT IS SO ORDERED**.


Dated:  October 28, 2020

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

A Copy of this Order was served on Milton Baytops, No. 637359, G. Robert
Cotton Correctional Facility, 3510 N. Elm Rd., Jackson, Michigan 49201 on
October 28, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk